Thomas M. Stark, J.
The defendant stands convicted in County Court of Suffolk County of the crimes of attempted grand larceny in the second degree and unauthorized use of a motor vehicle. When the defendant appeared for sentencing a second-felony information was filed against the defendant charging that he had been convicted in the Second Judicial District Court of the State of Utah on November 15, 1955, of the crime of assault with intent to commit rape. Defendant admitted said prior conviction but denied that the foreign crime if committed in this State would be a felony.
Section 76-7-7 of the Penal Code of the State of Utah reads as follows: “Every person who assaults another with intent to commit rape, the infamous crime against nature, or mayhem is punishable by imprisonment in the state prison not less than one nor more than ten years.”
Section 76-53-15 of the Penal Code of the State of Utah defines rape as follows:
“ Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under any of the following circumstances:
“ (1) When the female is under the age of thirteen years.
“ (2) Where she is incapable, through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.
“(3) Where she resists, but her resistance is overcome by force or violence.
“ (4) Where she is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, or by any intoxicating, narcotic or anaesthetic substance administered by or with the privity of the accused.
*19 “ (5) When she is at the time unconscious of the nature of the act, and this is known to the accused.
“ (6) Where she submits under the belief that the person committing the act is her husband, and this belief is induced by artifice, pretense or concealment practiced by the accused with intent to induce such belief. ’ ’
It will be noted that the circumstances listed in subdivisions (1) through (5) in the foreign statute are comparable to the various theories of rape set forth in section 2010 of the New York Penal Law. The circumstances set forth in subdivision (6) of the foreign statute are not included in any New York theory of rape.
In determining whether the defendant was previously convicted of a felony within the meaning of section 1941 of the Penal Law, this court is precluded from going behind the foreign statute and examining the acts which resulted in the defendant’s foreign conviction. (People v. Olah, 300 N. Y. 96.)
Where a serious doubt exists such as in this case, the doubt should be resolved in favor of the felon. Accordingly, the second-felony information is hereby dismissed. The defendant shall be produced before this court for imposition of sentence upon his New York State conviction on Friday, April 3,1964, at 9:30 a.m.